**Nathan G. Wagner**
DATSOPOULOS, MacDONALD & LIND, P.C.
201 West Main Street, Suite 201
Missoula, Montana 59802
Phone: (406) 728-0810
Fax: (406) 543-0134
Email: nwagner@dmllaw.com

*Attorney for Plaintiffs*

CLERK OF THE
DISTRICT COURT
KRISTIE LEE BOELTER

2015 AUG 3 AM 9 16

FILED

BY _____ DEPUTY

# MONTANA THIRTEENTH JUDICIAL DISTRICT COURT
## YELLOWSTONE COUNTY

| | |
|---|---|
| ESTATE OF LOREN BENJAMIN SIMPSON, by and through Personal Representative Jacqueline Stamm; and WANDA SIMPSON, KYLIE SMITH, NATHAN LONSBERY, and BRENDA DAVIS, by and through Trustee Jacqueline Stamm;<br><br>Plaintiffs,<br><br>v.<br><br>YELLOWSTONE COUNTY, a political subdivision of the State of Montana; DEPUTY JASON ROBINSON; DEPUTY CHRISTOPHER RUDOLPH; SHERIFF MICHAEL LINDER and JOHN DOES 1-10;<br><br>Defendants. | Cause No. DV 15-1032<br>Dept. No. ROD SOUZA<br><br>**COMPLAINT AND DEMAND FOR TRIAL BY JURY**<br><br>126 / 111935 |

Plaintiffs Estate of Loren Benjamin Simpson (the Estate), Wanda Simpson, Kylie Smith, Nathan Lonsbery and Brenda Davis, allege and complain as follows:

## JURISDICTION AND VENUE

1. This is a civil rights action arising from Defendants' wrongful shooting, use of excessive force, violation of policies and procedures, and negligence, resulting in the death of Loren Simpson. This action is brought pursuant to 42 USC §§ 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution, and Mont. Code Ann. §§ 27-1-501 and 27-1-513.

2. Jurisdiction and venue are proper in this Court because the acts and omissions alleged herein occurred in Yellowstone County, Montana.

## PARTIES

3. The Estate of Loren Benjamin Simpson, by and through the Personal Representative Jacqueline Stamm, brings this action against the Defendants for survivorship damages.

4. Wanda Simpson is Loren Simpson's mother and brings claims through Personal Representative Jacqueline Stamm for wrongful death damages.

5. Kylie Smith is Loren Simpson's sister and brings claims through Personal Representative Jacqueline Stamm for wrongful death damages.

6. Nathan Lonsbery is Loren Simpson's brother and brings claims though Personal Representative Jacqueline Stamm for wrongful death damages.

7. Brenda Davis is Loren Simpson's maternal grandmother and brings claims though Personal Representative Jacqueline Stamm for wrongful death damages.

8. The Yellowstone County is a political subdivision of the State of Montana and at all times relevant to this action, employed Deputy Jason Robinson, Deputy Christopher Rudolph, and Sheriff Michael Linder.

9. Sheriff Michael Linder is, and was at all times relevant to this action, the elected Sheriff of Yellowstone County and is the policy-making official for the Yellowstone County Sheriff's Office ("YCSO") with the power to make official and final policies for YCSO.

10. Deputy Jason Robinson was at all times relevant to this action a Sheriff's Deputy employed by Yellowstone County.

11. Deputy Christopher Rudolph was at all times relevant to this action a Sheriff's Deputy employed by Yellowstone County.

12. One or more of the John Doe Defendants were responsible for the screening, hiring, training, supervision and discipline of other Defendants.

13. Each of the Defendants were at all times relevant to this action acting as the agent, employee, co-conspirator or other representative of each other and of Yellowstone County, and that each Defendant ratified, consented to or authorized the acts or omissions of each other Defendant, and as a result,

each Defendant is jointly and severally liable for the damages caused by each other Defendant.

14. Defendant Yellowstone County is responsible under the law of agency, vicarious liability and *respondeat superior* for all wrongful, negligent or other improper conduct of YCSO and its officers, agents, and employees.

## ALLEGATIONS COMMON TO ALL COUNTS

15. Plaintiffs allege the preceding paragraphs.

16. On January 8, 2015, Robinson and Rudolph responded to a burglary call on Justice Trail near Huntley, Montana.

17. While en-route to investigate the burglary, Robinson and Rudolph claim to have observed a vehicle that allegedly matched the description of a vehicle that had been reported stolen in Billings.

18. Robinson and Rudolph began to follow the vehicle up White Buffalo Road, but Robinson and Rudolph's vehicle became stuck in the snow near the intersection of White Buffalo Road and Shooters Bluff Trail.

19. Robinson and Rudolph flagged down three teenage residents of the area, ages 16, 14, and 14, who had just been let off the bus near the intersection of White Buffalo Road and Shooters Bluff Trail.

20. The three teenagers helped Robinson and Rudolph free their stuck vehicle.

21. While assisting the officers, the three youths informed Robinson and Rudolph that neither White Buffalo Road nor Shooters Bluff Trail, nor any of the side roads that intersected with those roads, connected to any other roads leaving the area, and that in order to leave the area, the vehicle the officers were following would have to return down White Buffalo Road.

22. Robinson and Rudolph then exchanged phone numbers with the 16 year old boy, and sent the three youths up White Buffalo Road towards their residence with instructions to call the officers if they saw the vehicle the officers had been pursuing.

23. Robinson and Rudolph essentially deputized the three youths on the spot and enlisted them to go investigate a vehicle that the Deputies suspected had been involved in a crime.

24. Robinson and Rudolph then parked their car in the plowed portion of White Buffalo Road in an area where the snow drifts were approximately one foot deep.

25. White Buffalo Road had been plowed by a private landowner in the area who made one pass with an eight foot wide tractor bucket, so the plowed lane of travel on White Buffalo Road at the time was no more than 8 feet wide.

26. The vehicle driven by Robinson and Rudolph was more than 6 feet wide, leaving less than one foot of plowed roadway on each side of the Deputies' vehicle.

27. Robinson and Rudolph positioned their vehicle in the plowed roadway in such a manner as to allow an oncoming driver no room to drive around their vehicle.

28. There were multiple plowed driveways and pullouts within a few hundred feet back down White Buffalo Road where the Deputies could have parked their vehicle without blocking White Buffalo Road.

29. The roadway of White Buffalo Road was free of drifts and the bare gravel road bed was exposed within ¼ of a mile back down White Buffalo Road.

30. Robinson and Rudolph's actions by parking their vehicle in the middle of the plowed roadway on White Buffalo Road created a blockade or barricade around which on oncoming vehicle could not navigate.

31. A short time later, the youths who had been sent to investigate the allegedly stolen vehicle called the Deputies on a cell phone to report that they had seen the vehicle.

32. Robinson and Rudolph then exited their vehicle, armed with an AR-15 Rifle in the hands of Robinson, and a 12-gauge shotgun in the hands of Rudolph.

Complaint and Demand for Jury Trial 6

33. Robinson and Rudolph stood in the roadway, with their vehicle serving as a barricade or blockade, and waited for the vehicle they had been following to return down White Buffalo Road.

34. As the vehicle approached, Robinson and Rudolph opened fire on the vehicle.

35. The vehicle swerved into the snow bank on the side of White Buffalo Road and became stuck.

36. Robinson and Rudolph continued to fire rounds into the vehicle even after it was clearly stopped and could not pose any threat to the Deputies.

37. Loren Simpson, the driver of the vehicle, was hit multiple times by both AR-15 rounds fired by Robinson and 12-guage rounds fired by Rudolph.

38. Loren Simpson was killed by the AR-15 and 12-gauge shotgun rounds fired by Robinson and Rudolph.

39. Before his death, Loren Simpson endured pain, suffering, disfigurement, fear, and emotional distress.

## COUNT I—42 USC § 1983

### JASON ROBINSON, CHRISTOPHER RUDOLPH and DOE DEFENDANTS

40. Plaintiffs allege the preceding paragraphs.

41. Defendants actions set forth above violated 42 USC § 1983 depriving Plaintiffs of constitutional rights protected by the Fourth and Fourteenth

Amendments to the United States Constitution, including the right to be free from unreasonable seizure, excessive and unreasonable force, unlawful deadly force, as secured by the Fourth and Fourteenth Amendments.

42. Defendants' wrongful conduct was committed knowingly, maliciously, and conscious and reckless disregard for the right and safety of Loren Simpson.

43. As a direct and proximate result of Defendants acts or omissions as set forth above, Plaintiffs sustained injuries and damages in an amount to be proven at trial.

44. The Defendants' conduct entitles Plaintiffs to an award of punitive damages and penalties allowable under 42 USC § 1983 and Mont. Code Ann. § 27-1-221.

## COUNT II—*MONELL* CLAIM

## YELLOWSTONE COUNTY and SHERIFF LINDER

45. Plaintiffs allege the preceding paragraphs.

46. The unconstitutional actions or omissions of Defendants Robinson, Rudolph, and Does 1-10 described above were taken pursuant to customs, policies, practices, or procedures of the YCSO or Sheriff Linder, which were directed, encouraged, allowed, or ratified by the Sheriff Linder or the YCSO, including but not limited to; the use of excessive force; the tolerance of the use of excessive force; failure to call for backup; escalating situations that

did not warrant escalation; failure to use appropriate and generally accepted procedures for apprehending suspects; setting road blocks or barricades; failing to investigate or evaluate complaints or incidents involving excessive force; failing to investigate and discipline violations of constitutional rights; encouraging or tolerating a "code of silence" among law enforcement officers whereby officers refuse to provide adverse information against one another; tolerating or promoting inadequate, deficient and improper procedures for handling, investigating and reviewing complaints of officer misconduct; failing to discipline officers who use excessive force or commit other civil rights violations; tolerating recurring instances of violent and fatal interactions with the public; failing to maintain a process for identifying and deterring excessive use of force or other civil rights violations; failing to adopt adequate policies to effectively prevent the unnecessary use of excessive force, failing to adopt adequate policies to effectively prevent the unnecessary use of roadblocks or barricades, failing to adopt adequate policies requiring officers to deploy "spike strips" or other non-lethal means of disabling a suspect's vehicle; failing to adopt adequate policies governing the informal use of minors as citizen investigators.

47. Defendants Yellowstone County, Sheriff Linder, and Does 1-10 failed to properly screen, retain, review, train, instruct, monitor, supervise, evaluate,

investigate, and discipline Deputy Rudolph and Deputy Robinson, and in so failing, acted with indifference to Plaintiffs' constitutional rights.

48. Defendants Yellowstone County, Sheriff Linder, and Does 1-10 have approved, tolerated and ratified the unconstitutional conduct of Deputy Rudolph and Deputy Robinson by finding their actions in taking the life of Loren Simpson to have been justified and by failing to sanction or discipline Deputy Rudolph and Deputy Robinson.

49. The allegations set forth in Count II were the proximate cause of the deprivation of Plaintiffs constitutional rights.

50. The allegations set forth in Count II were done maliciously and with conscious disregard for the safety and rights of the Plaintiffs.

51. The Plaintiffs have been damaged by the Defendants' actions in an amount to be proven at trial.

## COUNT III—NEGLIGENCE—ALL DEFENDANTS

52. Plaintiffs allege the preceding paragraphs.

53. Each of the Defendants owed the Plaintiffs a duty to act with reasonable care.

54. The duties owed by Defendants Robinson and Rudolph include the duty to: refrain from unnecessarily using excessive force; refrain from unnecessarily creating or escalating a situation where the use of excessive force might

become necessary; refrain from abusing their authority; refrain from the use of roadblocks or barricades; attempt to disable a suspect's vehicle using spike strips or other non-lethal means; and to refrain from violating Plaintiffs' constitutional rights.

55. In addition, Yellowstone County and Sheriff Linder had a duty to use reasonable care to properly screen, investigate the background of, hire, train, supervise, monitor, evaluate, "de-program," and discipline its employees, agents, and law enforcement officers, including but not limited to Defendants Rudolph and Robinson.

56. Yellowstone County and Sheriff Linder had a duty to make, adopt, enforce and act in conformance with policies, customs, and procedures that are lawful and protective of citizens' constitutional rights.

57. Yellowstone County and Sheriff Linder had a duty to refrain from making, adopting or enforcing policies, procedures, or customs that violate citizen's constitutional rights.

58. The Defendants breached each of their duties set forth above as alleged in this Complaint.

59. The Defendants' breach of their duties caused injuries and damages to the Plaintiffs in an amount to be proven at trial.

## COUNT IV—SURVIVORSHIP

## MONT. CODE ANN. § 27-1-501--ALL DEFENDANTS

60. Plaintiffs allege the preceding paragraphs.

61. Defendant Robinson wrongfully killed Loren Simpson by unjustifiably discharging an AR-15 rifle at Simpson causing multiple bullets to strike him.

62. Defendant Rudolph wrongfully killed Loren Simpson by unjustifiably discharging a 12 gauge shotgun at Simpson causing multiple bullets, slugs, sabots or pellets to strike him.

63. Yellowstone County and Sheriff Linder are responsible for the conduct of YCOS, its employees and agents.

64. Plaintiff Loren Simpson survived the initial impacts of the AR-15 bullets and 12 gauge shotgun slugs, sabots, or pellets and lived long enough to experience pain, suffering, fear, anxiety, emotional distress, and disfigurement.

65. Plaintiff Loren Simpson suffered lost wages including the reasonable earnings he would have earned during his life expectancy.

66. Plaintiff Loren Simpson suffered the expenses associated with his funeral and burial.

67. The Defendants' actions resulted damages to the Estate of Loren Simpson in an amount to be determined at trial.

## COUNT V—WRONGFUL DEATH

## MONT. CODE ANN. § 27-1-513—ALL DEFENDANTS

68. Plaintiffs allege the preceding paragraphs.

69. Plaintiffs Wanda Simpson, Kylie Smith, Nathan Lonsbery, and Brenda Davis each had a special relationship with Loren Simpson.

70. Plaintiffs Wanda Simpson, Kylie Smith, Nathan Lonsbery, and Brenda Davis were deprived of the society, companionship, support, care, aid, and protection they would have received from Loren Simpson had he not been wrongfully killed.

71. Plaintiffs Wanda Simpson, Kylie Smith, Nathan Lonsbery and Brenda Davis suffered grief, sorrow and mental anguish as a result of Loren Simpson's wrongful death.

72. Plaintiffs Wanda Simpson, Kylie Smith, Nathan Lonsbery and Brenda Davis are entitled to an award of damages in an amount to be determined at trial.

## COUNT VI—ASSAULT—ALL DEFENDANTS

73. Plaintiffs allege the preceding paragraphs.

74. Defendants Robinson and Rudolph assaulted Loren Simpson by intentionally threatening harmful or offensive contact against Loren Simpson under circumstances which created a well-founded fear on the part

of Loren Simpson that Robinson and Rudolph intended to cause him death or serious bodily injury, and that they had the ability to carry out their threat.

75. Plaintiff Loren Simpson suffered damages in the form of fear, stress, anxiety, and emotional distress as a result of Defendants Robinson and Rudolph threatening to harm him with an AR-15 and a 12 gauge shotgun.

76. The Estate of Loren Simpson is entitled to an award of damages in an amount to be determined at trial.

**WHEREFORE**, Plaintiffs request the following relief against each and every Defendant, jointly and severally:

A. Compensatory damages for the Estate of Loren Simpson for survivorship in an amount to be proven at trial;

B. Compensatory damages for Plaintiffs Wanda Simpson, Kylie Smith, Nathan Lonsbery and Brenda Davis for wrongful death in an amount to be proven at trial;

C. Punitive damages under 42 USC § 1983 and Mont. Code Ann. § 27-1-221 in an amount to be proven at trial;

D. Reasonable attorney's fees and costs as allowed under state or federal law; and

E. Such further relief as the Court may deem just and equitable under the circumstances.

## DEMAND FOR TRIAL BY JURY

The Plaintiffs demand trial by jury on all issues appropriate to be tried before a jury.

DATED this 30th day of July, 2015

                DATSOPOULOS, MacDONALD & LIND, P.C.

                _____
                Nathan G. Wagner
                Attorney for Plaintiffs